**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **LIVE TRANSFERS, INC.,** | § | **EP-23-CV-00372-DCG** |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff JOSHUA CACHO respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a Default Judgement against LIVE TRANSFERS, INC. ("Live").

## I. STATEMENT OF FACTS

Liability: The Plaintiff in this case, Joshua Cacho received nine (9) phone calls to his personal telephone number, 407-577-3881, which was listed on the National Do Not Call Registry. Compl. ¶29. Defendant Live is a marketing company that calls thousands of individuals daily soliciting insurance products for insurance brokers like Defendant American Health Plans, LLC. Defendant Live markets the products of multiple insurance brokers to potential consumers, including to persons, like Plaintiff, who did not provide his prior express written consent to receive such solicitations.

Jurisdiction: This Court has Specific Personal Jurisdiction over Defendant Live because Defendant has repeatedly placed calls to Texas residents and derived revenue from Texas residents,

and they sell goods and services to Texas residents, Including Plaintiff.

Injury: Plaintiff did not provide his prior consent to receive these calls. Compl. ¶ 47. Plaintiff was damaged both statutorily and emotionally. Plaintiff found the calls invasive of his privacy, annoying, and obnoxious. *Id*. ¶ 62-65.

Plaintiff's location during violations: Plaintiff is a Texas resident currently and has been since July 16, 202. Plaintiff was residing in Texas for all relevant to the Complaint.

Damages: Damages for violations of section 227(c) of the TCPA are set by statute at up to $500 per violation. These damages can be trebled if found to be knowing and willful violations. Plaintiff alleges that he received nine (9) phone calls in violation of 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(C). Texas Business and Commerce Code 302.101 is set by statute up to $5,000 per violation. Plaintiff alleges that he received nine (9) phone calls in violation of Tex. Bus. Com. Code 302.101.

Plaintiff is entitled to $4,500 for nine (9) violations of 227(c) at $500 per call. Plaintiff is entitled to $45,000 for nine (9) violations of Tex. Bus. Com. Code 302.101 at $5,000 per call, plus $402 in filing fees, and $145 in service fees for a total of $50,047. Plaintiff did not provide his prior express consent to receive any of the calls.

Plaintiff delivered multiple DNC Requests; however, he is not seeking treble damages.

Procedural History: On October 5, 2023, Plaintiff filed his Complaint against Defendant American Health Plans alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Tex. Bus. Com. Code 302.101. ECF No. 1. On February 7, 2024, Plaintiff filed his First Amended Complaint, adding Defendant Live as a party. ECF 16. On February 9, 2024, a Summons was issued for Defendant. Defendant Live was served with the summons and Complaint on February 14, 2024. ECF No. 20. Plaintiff moved for entry of default against Defendant Live on March 12, 2024. ECF No. 21. On March 27, 2024, Default

was entered against Defendant Live. ECF No. 23. On March 27, 2024. Defendant Live did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II. ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a Defendant's default. Procedurally, a Defendant defaults when he or she fails to timely respond to the complaint. Fed. R. Civ. P. 55(a). *N.Y. Life Ins. Co. v Brown*, 84 F.3d 137, 141 (5th Cir. 1996). When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, Plaintiff may seek an entry of default judgment. Fed. R. Civ. P 55(b). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Lindsey v Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)

For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant Live. Further, Defendant Live was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i. Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA

claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**ii. Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. General jurisdiction exists when a corporation is "fairly regarded as at home" in the state. Id. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, a corporation is "at home" on in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020).

Specific personal jurisdiction exists when the suit arises out of the defendant's contacts with the forum. *Bristol Myers Squibb Co*., 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction, and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

In this case, specific jurisdiction arises out of Defendant's intentional contacts to Texas residents. Compl. ¶ 5. Texas has an interest in protecting their citizens and enforcing its consumer protection laws. Defendant Live willfully and purposefully violated Texas consumer protection laws.

**iii. Service of Process**

Under FED. R. CIV. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the

defendant." On February 14, 2024, Plaintiff's process server served the Complaint, summons, and other initiating papers on United States Corporation Agents, Inc., at 651 N Broad St. Ste 201 Middletown, Delaware 19709, which is designated by law as the registered agent to accept service on behalf of Defendant Live. Thus, Plaintiff effected service. Defendant Live had the opportunity to respond but did not.

**B. The Balance of Factors Weighs in Favor of a Default**

It is clear that the balance of factors surrounding Defendant Live's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant has not responded, the Court is unable to consider either the existence or lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant Live has demonstrated the culpability necessary for their failure to respond to weigh against them.

**i. Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Defendant was made aware of their unlawful conduct when it was served with the Complaint and the Request of Entry of Default, both of which went ignored. Nevertheless, Defendant has failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be

unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

**ii. Defendant Has No Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendant Live did not respond, the Court cannot determine whether or not the Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

**iii. Defendant is Culpable for its Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp*., 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Defendant's failure to answer, despite adequate service, actual knowledge of the lawsuit, and service of the

Entry of Default, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C. The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $50,047.00, are both reasonable and fair given the circumstances and facts of the case.

#### i. Legal Sufficiency

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Nishimatsu Constr. Co. v Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v Shipco Gen., Inc*., 814 F.2d 1011, 1014 (5rh Cir., 1987). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff placed his phone number on the National Do Not Call Registry July 1, 2022. Compl. ¶ 30. Every phone call in the Complaint was a solicitation phone call marketing health insurance policies. Compl. ¶ 38, 40, 43. Plaintiff delivered multiple DNC requests that were ignored. Compl. ¶ 38, 42. Plaintiff did not consent to the phone calls alleged herein. Compl. ¶47. Defendant did not have a valid Texas telephone solicitation registration. Compl. ¶ 59-61. Plaintiff has supported his TCPA claims with adequate specificity alleging the date, time, and content of each call. Compl. Table A ¶ 46.

**First Claim:** 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendant called Plaintiff's private telephone number, Compl. ¶ 68;

(2) registered on the National Do Not Call Registry, *id*. ¶ 29-30;

(3) at least twice in any 12-month period, *Id*. Table A ¶ 46;

(4) for the purpose of initiating any telephone solicitation, *Id.* ¶ 38, 40, 43;

(5) Plaintiff did not consent to any of the phone calls sent to his personal phone. *Id*. ¶ 47.

**Second Claim**: Texas Business and Commerce Code 302.101

The elements of this claim are: (1) Defendant called a private telephone number; (2) Defendant called for the purpose of solicitation; and (3) Defendant is not registered to telephone solicit in Texas.

Plaintiff's Complaint pleads each element of this claim.

(1) Defendant called Plaintiff's private telephone number. Compl ¶ 68;

(2) Defendant called Plaintiff for the purpose of solicitation. *Id*. ¶ 38, 40, 43;

(3) Defendant is not registered to telephone solicit in Texas. *Id* ¶ 59-61.

ii. Damages are Appropriate for Default Judgment

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

In TCPA cases, a six-figure demand does not cause the sum at stake to weigh against granting default judgment. Courts have granted six and even seven-figure default judgments in TCPA cases. See e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554m at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Engagic USA Inc., Civ*. No. 15-00847, at *1-2 (M.D. Ten Jan. 16, 2018), ECF no. 274 ($259,500); *Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) ($221,500).

The statutory penalty for a 227(c) TCPA violation is up to $500 for each *violation* of section (c). These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Defendant made each of the solicitation phone calls in this case without holding a valid Texas Telephone Solicitation registration for a total of nine (9) violations. Compl. ¶ 59-61. A person or entity who violates Chapter 302 of the Texas Business and Commerce Code is subject to a “civil penalty of not more than $5,000 for each violation.” Tex. Bus. Com. Code 302.302(a).

The sum of statutory damages, therefore, totals $49,500. Nine (9) phone calls in violation of 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(3)(f) at $500 per call ($4,500). Nine (9) phone calls in violation of Tex. Bus. Com. Code 302.101 at $5,000 per call ($45,000). The calls invaded Plaintiff’s privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff’s “burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages.” *Auth.Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $402 filing fee, which he is entitled to recover as a

taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $145.00 in effectuating service of process. Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES- ESK, 2020 WL 3892360, at *2 (D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $50,047.00.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $50,047.00, calculated as follows: $500 per § 227 (c) violation for nine (9) violations, $5,000 per Tex. Bus. Com. Code § 302.101 violation for nine (9) violations, plus $402 in filing fees, and $145.00 in service fees.

## **CONCLUSION**

Defendant Live decided to make calls to the Plaintiff's phone number listed on the National Do Not Call Registry to solicit into Texas. Defendant Live decided not to defend this lawsuit. Accordingly, entry of default against Defendant Live is appropriate. Plaintiff Joshua Cacho respectfully prays for an award of $50,047.00, plus any other relief that the court deems just and proper.

April 10, 2024,

Respectfully submitted,

Joshua Cacho

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com
407-780-9810

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **LIVE TRANSFERS, INC.,** | § | **EP-23-CV-00372-DCG** |
| **Defendant.** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I caused a true copy of the foregoing, to Defendant Live Transfers, Inc., via registered agent United States Corporation Agents, Inc., at 651 N Broad St. Ste 201 Middletown, Delaware 19709, United States.

April 10, 2024,

Respectfully submitted,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
P.O. Box 26971
El Paso, TX 79926
Jcacho1848@gmail.com
407-780-9810

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **LIVE TRANSFERS, INC.,** | § | **EP-23-CV-00372-DCG** |
| **Defendant.** | § | |

**[PROPOSED] ORDER FOR DEFAULT JUDGEMENT PURSUANT TO**

**FED. R. CIV. P. 55(B)(2)**

Defendant Live Transfers, Inc. was served with summons and Complaint in this action on or about February 14, 2024, and the time for Defendant to appear, answer, or move against the Complaint has expired without an appearance by Defendant; accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, it is hereby;

ADJUDGED that Plaintiff Joshua Cacho, recover from the Defendant the sum of $49,500.00, the amount claimed plus $402.00 in filing fees, and $145 in services fees, amounting in all to $50,047.00 plus interest on the judgement at the legal rate until the judgement is satisfied, and that the Plaintiff have execution therefore.

**SIGNED this _______ day of ____________, 2024.**

**JUDGE DAVID C GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**