IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00372-DCG |
| | § | |
| **LIVE TRANSFERS, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

### REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Joshua Cacho's "Motion for Default Judgment" (ECF No. 29), filed on April 10, 2024. Senior United States District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED**.

### I.   FACTUAL BACKGROUND

This case arises from violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff received nine phone calls from Defendant Live Transfers, Inc., a telemarketing company, over the course of August 11, 2023, to August 29, 2023. Pl.'s First Am. Compl. ¶¶ 35, 46, ECF No. 16.

Plaintiff has maintained his personal cell phone number, ending in -3881, on the National Do-Not-Call Registry since July 1, 2022, and was on the registry during the time when Defendant called him. *Id.* at ¶¶ 29–31. Plaintiff's cell phone is used for residential purposes. *Id.* at ¶ 66.

Plaintiff received the first phone call from Defendant on August 11, 2023. *Id.* at ¶ 38. The phone call was soliciting dental and vision health care coverage and was from the number 407-369-9446. *Id.* Plaintiff asked the caller not to call back and hung up. *Id.* at ¶ 39. Plaintiff then received seven more calls from Defendant, from various phone numbers, over the course of August 12, 2023, to August 22, 2023. *Id.* at ¶ 40. Plaintiff made at least three "do not call" requests during these phone calls. *Id.* at ¶ 42.

Plaintiff received a ninth call from Defendant on August 29, 2023, from the number 407-369-9446. *Id.* at ¶ 43. This time, Plaintiff had a friend speak to the caller in order to verify the caller's identity. *Id.* at ¶ 44. The call was transferred to an employee of American Health Plans, LLC ("AHP"). *Id.* at ¶ 45.

## II.   PROCEDURAL HISTORY

On October 5, 2023, Plaintiff filed his Original Complaint, seeking relief against AHP under the TCPA and Texas Business and Commerce Code. *See* Pl.'s Original Compl, ECF No. 1. On January 22, 2024, Plaintiff filed a notice of settlement, letting the District Court know that he had settled with AHP. Pl.'s Notice of Settlement in Principle & Mot. to Vacate All Deadlines 1, ECF No. 13. Subsequently, Plaintiff sought leave to amend his complaint, stating that he had been unaware of Defendant's involvement in the phone calls until AHP provided him with Defendant's information. Pl.'s Unopposed Mot. Leave File Pl.'s First Am. Compl. 1, ECF No. 15. This motion was granted, and Plaintiff filed his first amended complaint on February 7, 2024. *See* Pl.'s First Am. Compl. On March 27, 2024, AHP was dismissed from the case. Order Dismissing Def. AHP 1, ECF No. 25.

Upon Plaintiff's request, the Clerk of the Court issued a summons for Defendant. *See* Summons in a Civil Action, ECF No. 19. Plaintiff filed the proof of executed summons, which

indicated that the summons was delivered by hand on February 14, 2024, to Defendant's registered agent at 651 N. Broad Street Ste 201, Middletown, Delaware 19709.  Proof of Service, ECF No. 20.  Defendant had twenty-one days from service to answer, Fed. R. Civ. P. 12(a)(1)(A)(i), which meant that Defendant's answer was due by March 6, 2024.  On March 12, after Defendant failed to timely answer or otherwise appear, Plaintiff requested entry of default against Defendant.  *See* Req. for Entry of Default, ECF No. 21.  On March 27, the Clerk of the Court entered default against Defendant.  *See* Entry of Default, ECF No. 23.  Subsequently, on April 9, the District Court issued an order requiring Plaintiff to "take some action to push this case towards its final resolution."  Order Requiring Pl. to Take Action 1, ECF No. 28.  Plaintiff filed the instant Motion for Default Judgment on April 10.  *See* Pl.'s Mot. Default J., ECF No. 29.  Defendant has not responded to the Motion or otherwise appeared in this matter.

### III.   STANDARD

Federal Rule of Civil Procedure 55 governs entry of default and default judgment.  In ruling on a motion for default judgment, courts generally analyze the following three issues: (1) the procedural propriety of default judgment, (2) the substantive merits of the plaintiff's claims, and (3) the appropriate form of relief.  *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015).

Procedurally, a defendant defaults if he or she fails to timely respond to the complaint.  Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  When default is shown "by affidavit or otherwise," the clerk of the court "must enter the party's default."  Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff may seek an entry of default judgment.  *Id.* 55(b).  Default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts

only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("*Lindsey* factors").

Next, as to the merits of a motion for default judgment, the court accepts the plaintiff's well-pleaded allegations as true, except regarding damages. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Default judgment is appropriate only if the pleadings provide a "sufficient basis" for the judgment. *Nishimatsu*, 515 F.2d at 1206. In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Courts apply the Federal Rule of Civil Procedure 8 standard[1] for the sufficient basis inquiry. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see also id.* n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into the default-judgment context.").

Finally, as to appropriate form of relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may conduct a hearing on a default judgment motion, as needed, to: "(A) conduct an accounting; (B)

---

[1] Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). A hearing on damages is required "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Whether default judgment is granted is discretionary with the court. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey*, 161 F.3d at 893.

## IV. DISCUSSION

### A. Court's Jurisdiction

The Court first confirms that it has jurisdiction to hear this matter. *See Sys. Pipe & Supply, Inc. v. M/V Victor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (cleaned up)). The Court has subject-matter jurisdiction over Plaintiff's TCPA claims because the TCPA is a federal statute. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Business & Commerce Code. *See* 28 U.S.C. § 1367(a).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). A state has general personal jurisdiction over a corporation if the corporation "is fairly regarded as at home" in the state. *Id.* (citation omitted). Generally, a corporation is "at home" only in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). Plaintiff alleges that Defendant "is a corporation organized and existing under the laws of

5

Delaware." Pl.'s First Am. Compl. ¶ 2. As a result, this Court cannot exercise general personal jurisdiction over Defendant.

For specific jurisdiction, the suit must arise out of the defendant's contacts with the forum. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction and the exercise of such jurisdiction would not violate due process. . . . Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019) (internal quotes and citation omitted). The analysis requires addressing whether the defendant had minimum contacts with the forum state. *Id.* In order for minimum contacts to exist, the defendant must have "purposefully directed his activities at the forum state and the litigation [must] result[] from alleged injuries that arise out of or relate to those activities." *Id.* (cleaned up). Further, exercising personal jurisdiction over the defendant must not "offend traditional notions of fair play and substantial justice." *Id.* (citation omitted).

In his complaint, Plaintiff alleges that Defendant "operates as a telemarketer and placed phone calls to Plaintiff to solicit health insurance plans." Pl.'s First Am. Compl. ¶ 34. Plaintiff asserts that he received at least nine phone calls, all made by Defendant. *Id.* at ¶ 35. In his motion for default judgment, Plaintiff states that "Defendant has repeatedly placed calls to Texas residents and derived revenue from Texas residents, and [Defendant] sell[s] goods and services to Texas residents." Mot. Default J. 1–2. Thus, Plaintiff has sufficiently alleged that Defendant's telemarketing calls constitute minimum contacts with the state of Texas. *See Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 568 (S.D. Tex. 2021) ("Where a business is alleged to engage in intentional practices assuredly designed to manifest results across the country in

6

contravention of a federal statute, the act of reaching out in that prohibited manner is purposeful availment of 'the privilege of causing a consequence' in whatever state that call reaches." (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999))).

Lastly, Defendant was properly served. A corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff served a copy of the summons and complaint on the corporation listed on Delaware's Division of Corporations website as Defendant's registered agent.[2] *See* Proof of Service. Additionally, a corporation can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Service may be carried out on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* 4(e)(1). Service in this case was made in Delaware, and Delaware law authorizes service of process on the registered agent of a corporation. Del. Code tit. 8, § 321(a). Plaintiff served Defendant's registered agent. Thus, the Court may exercise personal jurisdiction over Defendant.

### B. Procedural Propriety

Default judgment against Defendant is procedurally appropriate. There are no material issues of fact at issue in the case, given that Defendant has defaulted and filed no responsive pleadings. *See Cunningham v. Greenstar Cap. Sols.*, LLC, No. 4:18-CV-000161-ALM-CAN, 2018 WL 4572711, at *3 (E.D. Tex. Aug. 1, 2018) ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact, and therefore, there are no material issues of fact."

---

[2] *Delaware Entity Search*, State of Del. Dep't of State: Div. of Corps., https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (search "Live Transfers, Inc.") (last visited May 7, 2024).

7

(citation omitted)), *report and recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018). Plaintiff has been prejudiced and will continue to be prejudiced by the delay in this case due to Defendant's failure to timely answer and defend the case. The grounds for default are clearly established. As discussed, Defendant failed to timely respond to Plaintiff's First Amended Complaint, Plaintiff moved for default, and the Clerk of the Court entered default against Defendant. Plaintiff then filed his motion for default judgment. There is no evidence that Defendant's default was caused by a good faith mistake or excusable neglect. Default judgment against Defendant would not be unduly harsh, given that Defendant has been given notice and opportunity to respond to this action. Lastly, there is not any basis on which a court would think itself obliged to set aside Defendant's default. Thus, all the *Lindsey* factors are satisfied.

### C. Substantive Merits

1. <u>Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)</u>

The TCPA provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action "in an appropriate court." 47 U.S.C. § 227(c)(5). The "regulations prescribed under this subsection" are codified at 47 C.F.R. § 64.1200, which makes it an offense to "initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Federal Communications Commission rules and regulations have "extended the full coverage of the TCPA to cell phones." *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *9 (W.D. Tex. Nov. 17, 2021); *see also In re Rules & Reguls. Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, 14039, 2003 WL 21517853 (2003) ("[I]t is

more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections.").

Plaintiff has confirmed that his cellular phone is a residential number. Pl.'s First Am. Compl. ¶ 66. He asserts that his cellular phone is used "for personal, family, and household use" and is the primary way that he communicates with friends and family. *Id.* He also states that this phone is "registered in his personal name" and paid for "from his personal accounts." *Id.* The phone was registered on the national do-not-call registry during the relevant time period. *Id.* at ¶¶ 29–31. Plaintiff has also stated that he received more than one call in a 12-month period, and all the calls were made by Defendant. *Id.* at ¶¶ 33–35, 46. As such, Plaintiff has pleaded enough to establish a sufficient basis for default judgment for the nine calls received.

2. Violation of Texas Business & Commerce Code § 302.101

The Texas Business and Commerce Code makes it a violation for "a seller" to "make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101.

Plaintiff asserts that he is a resident of Texas. Pl.'s First Am. Compl. ¶ 1. Defendant is a seller, since Defendant made the calls in order to solicit business. *See* Tex. Bus. & Com. Code § 302.001(5) ("'Seller' means a person who makes a telephone solicitation on the person's own behalf."). Plaintiff also asserts that Defendant is not registered with the Texas Secretary of State, as required by § 302.101. Pl.'s Original Compl. ¶ 59. As a result, Plaintiff has pleaded a sufficient basis to establish a claim.

D. **Entitlement to Damages**

No hearing on damages is needed, since the amount of damages claimed is capable of mathematical calculation. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." (footnote omitted)). The TCPA authorizes a private right of action. 47 U.S.C. § 227(c)(5). An individual can file suit to recover his actual monetary losses or to receive $500 in damages for each violation. *Id.* § 227 (c)(5)(B).[3] Plaintiff has established that Defendant called him nine times, in violation of the TCPA. Pl.'s First Am. Compl. ¶ 46. Plaintiff is seeking statutory damages of $500 for each call. Pl.'s Mot. Default J. 2, 9. As such, Plaintiff is entitled to $4,500.

Plaintiff also requests $45,000 for Defendant's nine violations of Texas Business and Commerce Code § 302.101. Pl.'s Mot. Default J. 9. A person or entity who violates § 302.101 faces "a civil penalty of not more than $5,000 for each violation." Tex. Bus. & Com. Code § 302.302(a). There is a private right of action available to enforce § 302.101. Tex. Bus. & Com. Code § 302.303(b); *see also Auguston v. Nat'l Admin. Serv. Co.*, No. 4:21-CV-819-ALM-KPJ, 2023 WL 1810397, at *8 (E.D. Tex. Jan. 11, 2023) ("While Texas Business and Commerce Code Section 302.101 itself does not provide a private right of action, Section 302.303 provides the plaintiff a private right of action to enforce violations of Section 302.101."), *report and recommendation adopted*, 2023 WL 1802389 (E.D. Tex. Feb. 7, 2023). Other courts in this Circuit have approved damages under both the TCPA and the Texas Business and Commerce Code. *See, e.g., Thomas v. Zenith Solar, LLC*, No. MO:22-CV-00047-DC-RCG, 2022 WL 17813168, at *4

---

[3] The subsection also contains a provision allowing for treble damages if the defendant's violation is willful and knowing. 47 U.S.C. § 227(c)(5). However, Plaintiff states that he is not seeking treble damages. Pl.'s Mot. Default J. 2.

10

(W.D. Tex. Aug. 1, 2022) (granting the plaintiff $1,500 under the TCPA and $5,000 under § 302.101 for each violation), *report and recommendation adopted*, No. MO:22-CV-00047-DC, 2022 U.S. Dist. LEXIS 202853 (W.D. Tex. Aug. 24, 2022); *Thompson v. Dealer Renewal Servs.*, No. 4:21-CV-0467-P, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (granting the plaintiff damages under 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), and § 302.101).  Therefore, Plaintiff is entitled to $45,000 for nine violations of § 302.101.

Lastly, Plaintiff seeks to recoup the $402 filing fee under 28 U.S.C. § 1920 and $145 for service of process under Federal Rule of Civil Procedure 4(d)(2).  Pl.'s Mot. Default J. 9–10.  Filing fees are generally recoverable under 28 U.S.C. § 1920.  28 U.S.C. § 1920(1); *see also Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 790 (E.D. Tex. 2023) (stating that the plaintiff "may recover her filing fees, as 'fees of the clerk' are recoverable under § 1920").  Plaintiff seeks to recover his costs in effecting service under Federal Rule of Civil Procedure 4(d)(2), which allows for a plaintiff to recover the expenses incurred in making service on a defendant if the defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff."  However, Plaintiff has not provided any evidence that he requested that Defendant waive service of process.[4]  Therefore, the Court will not recommend granting Plaintiff his filing fee.

## V.     CONCLUSION

---

[4] Before a plaintiff can seek fees for service of process under Rule 4(d)(2), the plaintiff must send a notice of the lawsuit and a request for waiver of service to the defendant.  Fed. R. Civ. P. 4(d)(1).   Plaintiff has not provided any evidence that he sent such a notice to Defendant.  "Any application of Rule 4(d)(2) contemplates a sufficient showing that the request was sent and received by the defendant. . . .  Failure to comply with the specific requirements of Rule 4(d)(1) will foreclose any award of costs."  *Brigham v. Tex. Dep't of Crim. Just.*, No. 1:15-CV-440, 2017 WL 4212307, at *2 (E.D. Tex. July 26, 2017), *report and recommendation adopted*, 2017 WL 4181405 (E.D. Tex. Sept. 20, 2017).

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Joshua Cacho's Motion for Default Judgment be **GRANTED** and that he be awarded $49,902.00 as damages for Defendant's violations of 47 U.S.C. § 227(c) and Tex. Bus. & Com. Code § 302.101.

**SIGNED** this 24th day of June, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**