**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| | § | **EP-23-CV-00372-DCG** |
| **LIVE TRANSFERS, INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ACCEPTING REPORT & RECOMMENDATION IN FULL AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART**

*Pro se* Plaintiff Joshua Cacho asks the Court to enter a default judgment in his favor against Defendant Live Transfers, Inc.[1] The Court referred Plaintiff's Motion to U.S. Magistrate Judge Robert F. Castañeda.[2] Judge Castañeda has issued a Report and Recommendation ("R. & R.") advising the Court to grant the Motion in substantial part and award Plaintiff $49,902.00 in damages.[3] The Court now **ACCEPTS** Judge Castañeda R. & R. **IN FULL** and thereby **GRANTS** Plaintiff's Motion for Default Judgment **IN PART**.[4]

---

[1] *See* Mot. Default J., ECF No. 29.

The Court previously dismissed Plaintiff's claims against Live Transfers' co-Defendant American Health Plans, LLC. *See* Dismissal Order, ECF No. 25. All references to "Defendant" in this Order shall therefore refer to Live Transfers only.

[2] *See* Referral Order, ECF No. 30; *see also* 28 U.S.C. § 636(b)(1)(B); W.D. TEX. L.R. APP'X C, RULE 1(d).

[3] *See* R. & R., ECF No. 36, at 12.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system rather than the document's internal pagination.

[4] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by making nine unsolicited telemarketing calls to a telephone number on the National Do-Not-Call Registry.[5] Plaintiff further claims that Defendant violated the Texas Business and Commerce Code by making those same nine solicitation calls without holding the required registration certificate.[6]

### B. Plaintiff's Motion for Default Judgment

After Defendant failed to answer or otherwise respond to Plaintiff's claims by the applicable deadline,[7] Plaintiff asked the Clerk of Court to enter a default against Defendant under Federal Rule of Civil Procedure 55(a),[8] and the Clerk of Court did so.[9] Plaintiff now asks the

[5] *See* 1st Am. Compl., ECF No. 16, at 11–12.

[6] *See id.* at 12–13.

*See also* TEX. BUS. & COM. CODE § 302.101(a) ("A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.").

[7] *See* Proof Service, ECF No. 20 (indicating that Plaintiff served Defendant with process on February 14, 2024); FED. R. CIV. P. 12(a)(1)(A) (providing (with various exceptions) that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint").

[8] *See* Request Entry Default, ECF No. 21.

*See also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[9] *See* Entry Default, ECF No. 23.

Court to enter a $50,047.00 default judgment against Defendant under Federal Rule of Civil Procedure 55(b)(2).[10] Specifically, Plaintiff seeks:

(1) $500 for each of Defendant's nine TCPA violations, for a total of $4,500;

(2) $5,000 for each of Defendant's nine violations of the Texas Business and Commerce Code, for a total of $45,000;

(3) $402 in filing fees; and

(4) $145 in service fees.[11]

### C. Judge Castañeda's Report and Recommendation

Judge Castañeda recommends that this Court grant Plaintiff's Motion for Default Judgment, but only in part.[12] Judge Castañeda agrees that Plaintiff is entitled to $4,500 in damages for Defendant's alleged TCPA violations, $45,000 in damages for Defendant's alleged violations of the Texas Business and Commerce Code, and $402 for filing fees.[13] However, Judge Castañeda concludes that Plaintiff *isn't* entitled to the $145 in service fees that he demands.[14] Thus, rather than entering a judgment for $50,047 as Plaintiff requests,[15] Judge

---

[10] *See* Mot. Default J. at 10; Proposed Default J., ECF No. 29, at 12; FED. R. CIV. P. 55(b)(2).

[11] *See* Mot. Default J. at 2, 9–10; Proposed Default J. at 12.

[12] *See* R. & R. at 11–12.

Because the Court is reviewing the R. & R. under a highly deferential standard of review, *see infra* Section II.A, this Court will not recount the reasoning underlying Judge Castañeda's conclusions, but will instead presume the reader's familiarity with the R. & R.

[13] *See* R. & R. at 10–11.

[14] *See id.* at 11.

[15] *See* Proposed Default J. at 12.

Castañeda instead recommends that the Court issue a judgment for $49,902 (*i.e.*, for $50,047 minus the $145 in requested service fees).[16]

## II. DISCUSSION

### A. Neither Party Objected to the R. & R., So the Court Will Review It Under the Deferential "Clearly Erroneous or Contrary to Law" Standard

The standard of review that a District Judge applies when deciding whether to accept, reject, or modify a Magistrate Judge's report and recommendation depends on whether a party has objected to the report and recommendation by the applicable deadline. When a party files a timely objection to a report and recommendation, "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[17] If, however, "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review of the Magistrate Judge's determination"; instead, the Court "need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law."[18]

As the Court now explains, neither Plaintiff nor Defendant objected to the R. & R. by the applicable deadline, so the Court will review the R. & R. under the deferential "clearly erroneous or contrary to law" standard.

#### 1. Plaintiff Didn't Object to the R. & R. by the Applicable Deadline

As noted, although Judge Castañeda has advised the Court to grant Plaintiff *most* of the relief that he seeks in this lawsuit, Judge Castañeda has also recommended that the Court reject

[16] *See* R. & R. at 10–12.

[17] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[18] *E.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018).

Plaintiff's demand for service fees.[19] Plaintiff conceivably could have objected to that portion of the R. & R.

Ordinarily, a party has "fourteen days after being served with a copy" of a Magistrate Judge's report and recommendation to "serve and file written objections to [the Magistrate Judge's] proposed findings and recommendations."[20] Here, the Clerk of Court served Plaintiff with a copy of the R. & R. on June 24, 2024—the date the Clerk's office posted the R. & R. to the electronic case docket.[21] Plaintiff's deadline to object to the R. & R. thus expired 14 days later, on July 8, 2024.[22]

Plaintiff didn't object to the R. & R. by the July 8th deadline. The Court will therefore accept the aspects of the R. & R. that are adverse to Plaintiff unless they're clearly erroneous or contrary to law.

### 2. Defendant Didn't Object to the R. & R. by the Applicable Deadline

Defendant didn't object to the R. & R. by the applicable deadline either. Notwithstanding the usual rule that a party has 14 days to object to a report and recommendation

---

[19] *See supra* Section I.C.

[20] 28 U.S.C. § 636(b)(1).

*But see infra* note 24 and accompanying text (noting and applying an exception to that general rule).

[21] *See* FED. R. CIV. P. 5(b)(2)(E) (providing that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system," in which case service is (with exceptions not relevant here) "complete upon filing").

Plaintiff—despite being *pro se*—is a registered user of the Court's electronic-filing system. *See* Order Granting *Pro Se* Litigant Permission File Electronically, ECF No. 4. Plaintiff therefore automatically received the R. & R. electronically when the Clerk's office posted it to the docket on June 24, 2024.

[22] *See supra* note 20 and accompanying text.

after being served with a copy,[23] a party gets an additional 3 days to object when the Clerk of Court serves the report and recommendation by mail.[24] The extended 17-day objection period runs from the date that the Clerk deposits the report and recommendation in the mail (rather than, say, from the date the party ultimately *receives* the mailing).[25]

Here, the Clerk of Court served Defendant with the R. & R. on June 24, 2024—the date the Clerk's office mailed the R. & R. to Defendant's registered agent at the address listed on the Delaware Department of State's website.[26] Defendant's deadline to object to the R. & R. thus expired 17 days later, on July 11, 2024.[27] Defendant didn't object to the R. & R. by that date, so the Court will accept the R. & R. in its entirety unless it's clearly erroneous or contrary to law.

---

[23] *See supra* note 20 and accompanying text.

[24] *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by] mail . . . 3 days are added after the period would otherwise expire . . . .").

*See also, e.g.*, *Margetis v. Furgeson*, 666 F. App'x 328, 330 n.3 (5th Cir. 2016) (confirming that Rule 6(d) extends the 14-day period to object to a Magistrate Judge's report and recommendation by 3 days when the Clerk of Court serves the report and recommendation by mail).

[25] *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service *via* mail "is complete upon mailing").

*See also, e.g.*, *Moody v. Wetzel*, No. 20-3258, 2021 WL 3022597, at *1 n.1 (E.D. Pa. July 16, 2021) (noting that Rule 6(d) extends the objection deadline when the Clerk of Court serves a report and recommendation *via* mail under Rule 5(b)(2)(C), and that the objection period runs from the date that the Clerk's office deposits the report and recommendation in the mail).

[26] *See* Certified Mail Receipt, ECF No. 37.

*See also* FED. R. CIV. P. 5(b)(2)(C) (providing that a paper may be served by "mailing it to the person's last known address"); *cf., e.g.*, *Stevens v. Cosmic Strands LLC*, No. 8:23-cv-2304, 2024 WL 1255463, at *1–2 (M.D. Fla. Mar. 25, 2024) (litigant validly served document in accordance with FED. R. CIV. P. 5(b)(2)(C) by mailing it to the entity listed as the defendant's registered agent on the Delaware Department of State's website).

Although the objection period runs from the date of mailing rather than the date of receipt, *see supra* note 25, the Court notes parenthetically that Defendant's registered agent successfully received the R. & R. on July 1, 2024, *see* Signed Certified Mail Receipt, ECF No. 38. Defendant thus had a meaningful opportunity to object to the R. & R. before the July 11, 2024 deadline.

[27] *See supra* notes 24–25 and accompanying text.

### B. The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law

Having carefully reviewed the R. & R., the record, and the applicable law, the Court concludes that the R. & R. is neither clearly erroneous nor contrary to law.

## III. CONCLUSION

The Court therefore **ACCEPTS** Judge Castañeda's "Report and Recommendation" (ECF No. 36) **IN FULL**.

The Court thereby **GRANTS** "Plaintiff's Motion for Default Judgment" (ECF No. 29) **IN PART**.

The Court will separately issue a final default judgment awarding Plaintiff $49,902.00 as Judge Castañeda recommended in his R. & R.

The Clerk of Court shall **MAIL** this Order to the address listed for Defendant on the Delaware Department of State's website, which is:

Live Transfers, Inc.
c/o United States Corporation Agents, Inc.
131 Continental Drive
Suite 305
Newark, DE 19713

**So ORDERED and SIGNED this 30th day of July 2024.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**