**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSHUA CACHO,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | |
| | § | **EP-23-CV-00372-DCG** |
| **LIVE TRANSFERS, INC.,** | § | |
| | § | |
| ***Defendant*.** | § | |

**FINAL DEFAULT JUDGMENT**

In a separate Order, the Court granted (in substantial part) Plaintiff Joshua Cacho's Motion for a Default Judgment against Defendant Live Transfers, Inc.[1] The Court now **ENTERS** this **FINAL DEFAULT JUDGMENT** against Defendant[2] pursuant to Federal Rules of Civil Procedure 55 and 58.[3]

[1] *See* Order Accepting R. & R., ECF No. 41.

[2] The Court previously dismissed Plaintiff's claims against Live Transfers' co-Defendant American Health Plans, LLC. *See* Am. Health Plans Dismissal Order, ECF No. 25. All references to "Defendant" in this Judgment shall therefore refer to Live Transfers only.

[3] *See* FED. R. CIV. P. 55(b)(2) (authorizing the Court to issue a default judgment against a defaulted party); FED. R. CIV. P. 58(b)(2) ("[T]he court must promptly approve the form of the judgment, which the clerk must promptly enter . . . ."); FED. R. CIV. P. 58(a) (providing (with exceptions not relevant here) that "[e]very judgment . . . must be set out in a separate document").

Plaintiff **MAY RECOVER** the following from Defendant:

(1) $500 for each of Defendant's nine violations of the Telephone Consumer Protection Act ("TCPA"), for a total of $4,500;

(2) $5,000 for each of Defendant's nine violations of the Texas Business and Commerce Code, for a total of $45,000; and

(3) $402 in filing fees,

for a total of **$49,902**,[4] plus post-judgment interest as provided in 28 U.S.C. § 1961.[5]

This is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the case.

The Clerk of Court shall **MAIL** this Judgment to the address listed for Defendant on the Delaware Department of State's website, which is:

Live Transfers, Inc.
c/o United States Corporation Agents, Inc.
131 Continental Drive
Suite 305
Newark, DE 19713

**So ORDERED and SIGNED this 31st day of July 2024.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See* Order Accepting R. & R. at 3–4, 7.

The Court disallowed Plaintiff's claim for $145 in service fees. *See id.* The Court therefore awards Plaintiff a total of $49,902 (instead of the $50,047.00 that Plaintiff initially demanded). *See id.*

[5] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").